UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: |
| | ) |
| **OBICAI RESTAURANT MANAGEMENT, INC. d/b/a OBICAI RESTAURANT GROUP, a corporation, N.E.W. RESTAURANT GROUP, LLC, d/b/a BAKERSTREET STEAKHOUSE, RESTAURANT 2, LLC, d/b/a THE HAPPY GNOME and GNOMETOWN BREWING CO., PROXIMO, LLC. d/b/a PROXIMO limited liability companies, JAMES KHAN, an individual and PETER SHUEY, an individual**, | ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) ) |
| Defendants. | ) |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq*.) ("FLSA" or "Act"), Plaintiff, **Julie A. Su**, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the Defendants **Obicai Restaurant Management, Inc. d/b/a Obicai Restaurant Group** ("Obicai"), a corporation, **N.E.W. Restaurant Group, LLC d/b/a BakerStreet Steakhouse** ("BakerStreet Steakhouse"), **Restaurant 2, LLC d/b/a The Hoppy Gnome** and **Gnometown**

1

**Brewing Co.** ("The Hoppy Gnome"), and **Proximo, LLC d/b/a Proximo** ("Proximo"), limited liability companies, **James Khan** ("Khan"), and individual, and **Peter Shuey** ("Shuey"), an individual, (collectively, "Defendants") from violating Sections 207 and 215(a)(2) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from October 5, 2020, through October 4, 2022 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

## Jurisdiction and Venue

1.    This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2.    This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

## Defendants

3. Defendant Obicai is an Indiana company within this Court's jurisdiction with an office at 203 East Berry Street, Suite 602, Fort Wayne, Indiana 46802, where it conducts business.

4. Defendant BakerStreet Steakhouse is an Indiana limited liability company within this Court's jurisdiction with a place of business located at 4820 North Clinton Street, Fort Wayne, Indiana 46825.

5. Defendant The Hoppy Gnome is an Indiana limited liability company within this Court's jurisdiction with a place of business located at 203 E. Berry Street, Fort Wayne, Indiana 46802.

6. Defendant Proximo is an Indiana limited liability company within this Court's jurisdiction with a place of business located at 898 South Harrison Street, Fort Wayne, Indiana 46802.

7. Defendants BakerStreet Steakhouse, The Hoppy Gnome, and Proximo each operate a restaurant that provides a specialty dining experience to customers in the Fort Wayne area.

8. Defendant Obicai is a restaurant management company that "leases" general managers and managers to Defendants BakerStreet Steakhouse, The Hoppy Gnome, and Proximo.

9. Obicai has acted directly and/or indirectly in the interests of BakerStreet Steakhouse, The Hoppy Gnome, and Proximo in relation to their employees by overseeing each restaurants' day-to-day operations, including hiring

3

and firing hourly staff, setting employee schedules, and making purchasing orders. Obicai is an "employer" under the FLSA. 29 U.S.C. § 203(d).

10.     BakerStreet Steakhouse, The Hoppy Gnome, and Proximo acted directly and/or indirectly in the interests of Obicai—as well as each of the other restaurants—by operating jointly, sharing services for human resources, payroll, and staff scheduling, and sharing employees across the three restaurants. BakerStreet Steakhouse, The Hoppy Gnome, and Proximo are all "employers" under the FLSA. 29 U.S.C. § 203(d).

11.     Obicai, BakerStreet Steakhouse, The Hoppy Gnome, and Proximo are joint employers under the FLSA such that they are jointly and severally liable for the violations set forth in this Complaint.

12.     Defendant James Khan has actively managed and supervised Obicai, BakerStreet Steakhouse, The Hoppy Gnome, and Proximo's operations and their employees during the Investigation Period. Among other things, Khan has hired and fired employees, determined pay policies and practices for Obicai, BakerStreet Steakhouse, The Hoppy Gnome, and Proximo, and scheduled employees to work at each of the establishments. Khan is the majority owner and President of Obicai, BakerStreet Steakhouse, The Hoppy Gnome, and Proximo.

13.     Defendant Peter Shuey has actively managed Obicai, BakerStreet Steakhouse, The Hoppy Gnome, and Proximo's operations and directly supervised their employees during the Investigation Period. Shuey is a part-owner and

4

Secretary of Obicai, The Hoppy Gnome, and Proximo. Shuey is also the Director of Operations for Obicai.

14.     James Khan and Peter Shuey have acted directly or indirectly in Obicai, BakerStreet Steakhouse, The Hoppy Gnome, and Proximo's interests with respect to their employees and are therefore "employers" under the FLSA. 29 U.S.C. § 203(d).

15.     During the Investigation Period, Defendants engaged in business within Allen County, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

16.     Obicai, BakerStreet Steakhouse, The Hoppy Gnome, and Proximo are an "enterprise" under the FLSA due to their related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

17.     Specifically, Obicai, BakerStreet Steakhouse, The Hoppy Gnome, and Proximo are majority-owned by the same co-owners; led by the same board president; and identify publicly as "sister" operations.

18.     Obicai, BakerStreet Steakhouse, The Hoppy Gnome, and Proximo are an "enterprise engaged in commerce" under the FLSA because they had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

5

## FLSA Violations

19.    Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

20.    Specifically, Defendants failed to pay the overtime premium in instances where employees worked at more than one of the establishments of BakerStreet Steakhouse, The Hoppy Gnome, and Proximo and, as a result, worked a cumulative total of more than 40 hours in a workweek.

## Remedies Sought

21.    As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

22.    Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Acting Secretary.

## Prayer for Relief

As a result of Defendants' repeated FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

6

A.      Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207 and 215(a)(2) of the FLSA. 29 U.S.C. § 217(a).

B.      Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

C.      If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Acting Secretary of the Treasury under 26 U.S.C. § 6621.

D.      Providing such other relief as may be necessary and appropriate.

E.      Awarding costs and granting such other and further relief as may be necessary and appropriate.

7

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Emelda Medrano

**EMELDA MEDRANO**
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
(312) 353-1169
medrano.emelda@dol.gov
IL Bar #6229838

*Attorneys for Plaintiff Julie A. Su,*
*Acting Secretary of Labor, United States*
*Department of Labor*

8

**EXHIBIT A[2]**

**BakerStreet Steakhouse**

1. L. Davis
2. R. Garcia-Ruiz
3. I. Huitron
4. J. Garcia
5. M. Mondragon
6. M. Ruiz
7. A. Valencia
8. V. Hunter

**The Hoppy Gnome**

1. A. Finney
2. R. Garcia-Ruiz
3. I. Huitron
4. J. Garcia
5. M. Mondragon
6. M. Ruiz
7. A. Valencia

**Proximo**

1. A. Finney
2. M. Mondragon
3. V. Hunter

---

[2] Names have been redacted for privacy reasons. The Acting Secretary will provide Defendants with an unredacted list.